IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHASITY FORTENBERRY, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action File No. |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| PROMONTORY FINANCIAL GROUP, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Chasity Fortenberry (hereinafter "Plaintiff" or "Fortenberry"), by and through undersigned counsel, on behalf of herself and all similarly situated individuals, and files this Complaint against Defendant Promontory Financial Group, LLC ("Promontory Financial") and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Promontory Financial is a Delaware corporation, and resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from December 2011 to October 2012, as a "File Reviewer" in Charlotte, North Carolina.   In particular, Defendant employed Plaintiff to work on a project entitled "Foreclosure Review."

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Defendant hired a large number of employees, including Plaintiff, for the purpose of reviewing loan files in connection with the Office of the Comp Controller of the Currency's ("OCC") investigation into the mortgage crisis.

9.

During the last three years, while employed by Defendant as a File Reviewer, Fortenberry's primary job duty was the performance of non-exempt work, specifically low level secondary review of loan files, which consisted primarily of discretion free checklist review of loan applications that had previously received consideration and decisions from banks. In particular, Plaintiff's primary duty involved completing questionnaires regarding loan files that included questions requiring "yes" or "no" answers, e.g. questions such as

"Did the bank send the bank send the borrower a modification package?" and "Did the borrower contact the bank or lender?"

10.

During the last three years, while employed by Defendant as a File Reviewer, Plaintiff regularly worked in excess of 40 hours in given work weeks.

11.

During the last three years, Defendant paid Plaintiff an hourly rate for all hours worked, without an overtime premium of one and one half times her regular rate for hours that Plaintiff worked over 40 in given work weeks.

12.

In the latter part of 2012, Defendant farmed out a portion of the work being performed by Plaintiff to a company in India where the work was completed by foreign workers.

13.

During the last three years, while employed by Defendant as a File Reviewer, Plaintiff regularly worked in excess of (40) hours in given work weeks and was not paid the overtime wage differential.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## IV.   Collective Action Allegations

17.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant in North Carolina as "File Reviewers" during the last three (3) years, and whose primary job duty includes reviewing loans. (hereinafter the "Collective Class").

18.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for all overtime hours worked over 40 hours while performing the duties of a File Reviewer.

19.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

20.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

21.

During the last three years, the primary duty of File Reviewers was the performance of non-exempt work, specifically low level secondary review of loan files, which consisted primarily of discretion free checklist review of loan applications that had previously received consideration and decisions from banks. In particular, Plaintiff's primary duty involved completing questionnaires regarding loan files that included questions requiring "yes" or "no" answers, e.g. questions such as "Was the loan foreclosed on?" and "Did the bank contact the

borrower?"

22.

During the last three years, Defendant closely supervised and controlled the work of Plaintiff and the Collective Class.

23.

During the last three years, File Reviewers, including Plaintiff were paid an hourly rate without an overtime premium for hours worked in excess of 40 hours in given work weeks.

24.

During the last three years, File Reviewers, including Plaintiff, did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

25.

File Reviewers are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

29.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

30.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

31.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

32.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

33.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant's misclassification of File Reviewers as "exempt" from the overtime requirements of the FLSA.

34.

Defendant's violations of the FLSA were willful and in bad faith.

35.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Grant conditional certification and provide notice of this action to all

        similarly situated individuals;

(E)     Grant leave to add state law claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and

        appropriate.

Respectfully submitted,

This 18th day of February, 2013.

                              **BARRETT & FARAHANY, LLP**

                              /s/ V. Severin Roberts
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Benjamin F. Barrett
                              Georgia Bar No. 039586
                              V. Severin Roberts
                              Georgia Bar No. 940504


                              Attorneys for Plaintiff Chasity Fortenberry

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@bf-llp.com
amanda@bf-llp.com
ben@bf-llp.com

## CERTIFICATE OF FONT

I hereby certify that the foregoing Plaintiff's Complaint was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1.C.

<u>/s/ V. Severin Roberts</u>
Attorney for Plaintiff Chasity Fortenberry