IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHASITY FORTENBERRY, on behalf of herself and all similarly situated individuals,<br><br>   Plaintiff,<br>v.<br><br>PROMONTORY FINANCIAL GROUP, LLC,<br><br>   Defendant.<br>_____ | Civil Action<br>File No. 1:13-0517-AT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CHASITY FORTENBERRY'S MOTION TO TOLL THE STATUTE OF LIMITATIONS FOR PLAINTIFF AND THE OPT-IN PLAINTIFFS TO BRING CLAIMS IN ARBITRATION AGAINST PROPOSED INTERVENOR SOLOMON EDWARDS GROUP, LLC**

**I.     FACTS AND REQUEST FOR RELIEF**

Given the abundance of facts demonstrating that Defendant Promontory Financial, LLC ("Promontory") employed Fortenberry and the putative class, Fortenbery filed the above styled action against Promontory roughly nine months ago, on February 18, 2013 [Doc. 1]. With this action, Fortenberry has not brought **any** claims against SEG and contends that she and putative class members have every right to proceed with their claims against Promontory on a collective basis.

To date, numerous putative class members have filed their consent to join this action.

On February 27, 2013, Fortenberry filed Plaintiff's Motion for Conditional Collective Action Certification ("*Motion for Class Certification*") [Doc. 19], and, on March 21, 2013, SEG filed a motion to intervene in this action [Doc. 40] ("*Motion to Intervene*") claiming, *inter alia*, that it employed or jointly employed Fortenberry and should be permitted to intervene in this action as a matter of right or pursuant to the Court's discretionary authority to allow intervention. Contemporaneous to filing its *Motion to Intervene*, SEG moved to compel Plaintiff's action to arbitration. [Doc. 51 – *Motion to Compel*].

On May 1, 2013, the Court denied, without prejudice, SEG's *Motion to Intervene* and *Motion to Compel*, on grounds that the Court required additional evidence to determine whether SEG qualifies as a real party in interest for purposes of evaluating SEG's request to intervene in Plaintiff's action. (Doc. 65, at 7-8).

In particular, to guide the Court's determination of whether SEG is a real party in interest, the Court requested additional evidence regarding facts that relate to SEG's FLSA employer status and whether Promontory, as a non-signatory to the

Arbitration Agreements, was acting as an agent for SEG, and whether SEG was an intended third-party beneficiary of the Arbitration Agreements.[1] (Doc. 65, at 7-8).

Following the Court's May 1, 2013 Order, the Parties engaged in discovery regarding whether SEG is a real party in interest and whether the company qualifies as the file reviewers' employer under the FLSA. SEG subsequently renewed its *Motion to Intervene* [Doc. 110] and *Motion to Compel Arbitration* [Doc. 111].

Plaintiff filed her opposition to SEG's renewed *Motion to Intervene* and *Motion to Compel Arbitration.* The motions are currently pending before the Court. As of the time Plaintiff filed this action in February 2013, the statute of limitations for putative class members to bring their claims against Promontory and/or SEG was not a pressing, or even remotely relevant consideration given that class members did not begin working on the foreclosure review until the end of 2012. The statute of limitations is now a potential issue given that the Parties are awaiting a determination from the Court as to whether Plaintiff and the opt-in plaintiffs (collectively "Plaintiffs") may proceed with this action, or, instead whether they must file claims for arbitration against SEG.  Plaintiff therefore

---

[1] Since the Court's May 1st Order, SEG has conceded that "Promontory as a non-signatory to the Arbitration Agreements was not acting as an agent for SEG," and that "Promontory was not an intended third party beneficiary of the Arbitration Agreement between SEG and Plaintiff." (Doc. 111-1, at 22, fn. 12).

respectfully requests that, in the undesired event that the Court grants proposed SEG's pending *Renewed Motion to Intervene* and *Renewed Motion to Compel arbitration*, that the Court toll the statute of limitations for Plaintiff and the putative opt-in plaintiffs to bring their claims in arbitration against SEG for 60 days from the date of entry of such Order compelling arbitration.

## II.     Legal Standard

To join an FLSA collective action, an employee must consent, or "opt in," to the action by filing with the court a written consent to join. 29 U.S.C. § 216 (b); *Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1106 (11th Cir. 1996). "[O]pt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." *Id*. Therefore, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim." *Id*. at 1107. "Once an individual opts in to an FLSA collective action, the statute of limitations is tolled from the date the consent form was filed, but if the court later denies certification of the collective action and dismisses the opt-in plaintiffs, the statute of limitations resumes upon that dismissals." *In re Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 81626 (M.D. Ga. Oct. 15, 2008) (*citing Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380 (11th Cir. 1998).

"Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling[.]'" *Id.* (*citing Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). For example, "Courts have tolled the statute of limitations in FLSA actions in the interest of justice to protect opt-in plaintiffs' diminishing claims." *Chapman v. Fred's Stores of Tenn., Inc.*, 2013 U.S. Dist. LEXIS 58069 (N.D. Ala. 2013) (tolling statute of limitations for a period of time because "the delay in sending notice to potential class members… stemmed from a delay in the ruling on the Motion to Facilitate Notice" which the Court determined was through no fault of the plaintiffs).

Here, Plaintiffs have actively sought to pursue their claims and vigorously contend that they have every right to proceed in this forum on a collective basis against Promontory.  It is SEG that seeks to compel this matter to arbitration and it is the awaited disposition of SEG's request for relief on this issue that has left Plaintiffs' claims in limbo.

In the event the Court determines Plaintiffs must proceed to arbitration they will immediately file demands for individual arbitration against SEG. Unless and until such a ruling issues, Plaintiffs are unable to bring these claims in arbitration because such action may be tantamount to waiving jurisdictional arguments in that forum.  Moreover, filing and potentially having to litigate individual arbitrations

before it is determined whether this matter may proceed in this Court would be woefully inefficient and a waste of the Parties' resources.

In a situation analogous to the issue presented here, when decertifying collective actions courts routinely (**and often *sua sponte***) equitably toll the statute of limitations so as to permit dismissed opt-in plaintiffs to file new lawsuits to assert their claims.  See e.g. *Reed v. County of Orange*, 266 F.R.D. 446 (C.D. Cal. 2010) (tolling statute of limitations for opt-in plaintiffs to bring individual claims for 60 days from date of decertification order in FLSA case) ; *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111 (N.D. Cal. 2011) (The court invoked its equity powers to toll the statute of limitations for opt-in plaintiffs to bring individual claims for 30 days after entry of decertification order in FLSA case); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) ("the Court invoke[d] its equity powers to toll the applicable statute of limitations for 30 days after entry of [decertification] Order" "[t]o avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases"); *Sliger v. Prospect Mortg.*, LLC, 2012 U.S. Dist. LEXIS 170701 (E.D. Cal. Nov. 2012) (noting it is "admittedly common for federal district courts to toll the statute of limitations for individual actions in granting decertification motions in collective actions under FLSA" and finding that in the event that the company raised the

statute of limitations in an action brought by one of the opt-in plaintiffs, the Court would agree to extend any limitations period it asserted by 90 days).

WHEREFORE, Plaintiffs are ready to proceed in whichever forum this Court requires and respectfully request that, in the event that the Court grant SEG's renewed motions to intervene and compel arbitration that the Court toll the statute of limitations for 60 days from the date of entry of such order so as to permit Plaintiffs to file claims for individual arbitration.

Respectfully submitted,

This 18th day of November, 2013.

By: s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504

**BARRETT & FARAHANY, LLP**
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309
(404) 214-0120

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **Plaintiff Chasity Fortenberry's Motion to Toll the Statute of Limitations for Plaintiff and the Opt-in plaintiffs to Bring Claims in Arbitration against Proposed Intervenor SolomonEdwardsGroup, LLC** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 18th day of November, 2013.

                        By: <u>s/V. Severin Roberts</u>
                             V. Severin Roberts
                             Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309